**Raj Kumar SHARMA, Petitioner,**

v.

**John ASHCROFT, Attorney General; U.S. Immigration and Naturalization Service; Board of Immigration Appeals, Respondents.**

No. 02–70402.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2003.

Decided May 5, 2003.

Before: B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

MEMORANDUM *

Padma Pradhan, alias Raj Kumar Sharma ("Sharma,") petitions for review of the Board of Immigration Appeals ("BIA") decision upholding an Immigration Judge's denial of his motion to reopen. We deny the petition.

Sharma entered the U.S. from Nepal without inspection in February 1992 and was placed in deportation proceedings under the alias Raj Kumar Sharma. His signature on a certified mail form attests that he received an Order to Show Cause on January 26, 1994. He twice applied for asylum, which was twice denied. A notice of deportation hearing set for June 23, 1994 was mailed to him; it was returned as misaddressed. After issuing a deportation order *in absentia*, the Immigration Judge reopened the case *sua sponte* and

sent out new notices of a February 9, 1995 hearing to both the old and a new address. Both were returned as misaddressed. A deportation order was issued and he failed to surrender.

On September 7, 1995, Sharma married a lawful permanent resident, who filed a visa petition on his behalf. The INS approved the petition. On April 19, 2000, he filed an adjustment of status application using his true birth name, Parma Pradhan. The application was denied because the Service by then was aware of the prior deportation orders and his use of at least two aliases. On April 11, 2001, he moved to have the order of deportation set aside and for adjustment of status to a permanent resident. The motion was denied. He then filed a motion to reopen to argue that he was entitled to readjustment of status under the authority of *Matter of M-S-*, Int. Dec. 3369, 22 I. & N. Dec. 349, 1998 WL 769392 (BIA 1998) under yet another alias, "Padam B. Shrestha." That motion was originally granted, but the order was later rescinded and the case was consolidated with the "Sharma" appeal.

Because Sharma's deportation case commenced prior to April 1, 1997, and the case was pending as of that date, we apply transitional rules enacted as § 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. No. 104–208, 110 Stat. 3009 (1996). We review the denial of a motion to reopen a deportation hearing for abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

The INS properly notified Sharma of his upcoming hearing, and even went the extra mile in reopening his case and trying to notify him a second time. He had the responsibility, explained in the Order to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Show Cause that he received, to notify the INS if his address changed. 8 U.S.C. § 1252b(a)(1)(F)(ii). Even if we assume that he did not receive any of the notices, Sharma has no basis to complain because he failed to notify the Service of his change of address.

■ Sharma's motion to reopen was not timely filed, and was not supported by his spouse's approved visa petition on his behalf and an application for adjustment of status. In *Matter of M-S-*, the BIA held that if an alien who did not receive oral warnings of the consequences of failure to appear at a deportation hearing is ordered deported *in absentia*, and later moves to reopen to apply for a form of relief not available at the time of the hearing, the motion to reopen is governed by the regulatory requirements of 8 C.F.R. §§ 3.2(c) and 3.23(b)(3). 22 I. & N. Dec. at 355. *Matter of M-S-* is distinguishable. There, the petition to reopen was filed six weeks after the hearing, and was properly accompanied by an application for adjustment of status and supporting documentation showing eligibility for the new form of relief. Sharma's petition to reopen was filed more than six years after his hearing, and failed to provide an application for adjustment of status; nor had the INS agreed to reopen the case. *Matter of M-S-* states that

> where an alien is seeking previously unavailable relief and has not had an opportunity to present her application before the Immigration Judge, the Board will look to whether the alien has proffered sufficient evidence to indicate that there is a reasonable likelihood of success on the merits so as to make it worthwhile to develop the issues further at a full evidentiary hearing.

*Id.* at 357. Sharma's failure to provide documentation frustrated that inquiry.

Even if *Matter of M-S-* did apply, Sharma's motion to reopen was untimely under the regulations that establish a 90–day deadline for appeal. Sharma argues that he need not meet this deadline because he filed his motion to reopen with the Immigration Judge, rather than with the BIA. *Matter of M-S-* applies the 90–day deadline found in § 3.2(c), which covers motions to reopen filed with the BIA. Motions filed with the Immigration Judge are governed instead by the 90–day deadline found in § 3.23(b)(1), which is not mentioned in *Matter of M-S-*. He thus asserts that he had no deadline to appeal. But we read *Matter of M-S-* as instructing us not to look to *one specific* section of C.F.R. Title 8, but to the *relevant* section. In doing so, we find a 90–day deadline for filing petitions to reopen—albeit in § 3.23(b)(1) rather than § 3.2(c)—and we apply it.

■ Finally, Sharma argues that if the 90–day deadline does apply, he is eligible for equitable tolling. He attributes his inability to provide an adjustment of status application to the ineffective assistance of his previous counsel, who he suggests (but cannot prove) failed to find that Sharma had previously been ordered deported under a different name and therefore failed to advise him to reveal his aliases. Sharma's ineffective assistance claim is untenable.

Because the above issues are dispositive, it does not matter whether Sharma otherwise would be eligible for adjustment of status based on his marriage to a lawful permanent resident. Sharma's petition for review is **DENIED**.

Judge Kozinski concurs in the judgment.